**Debo v. Buckley**

C.P. of Snyder County, no. 192-1999.

*Edward D. Conway,* for plaintiff.
*Martin A. Durkin,* for defendant.

WOELFEL JR., *P.J.,* October 18, 1999—Plaintiff alleges that on July 4, 1997, he was an invited guest on defendant's premises located on South Old Trail, Selinsgrove, Snyder County and that while the plaintiff was present the defendant negligently, carelessly, and recklessly detonated fireworks on his premises, resulting in severe and permanent injuries to plaintiff. Plaintiff avers that he suffered: multiple severe burns on his face, neck, hands and legs; skin discoloration and disfigurement;

post-traumatic stress syndrome; past and future medical expenses; past and future pain and suffering; and impairment of his earning capacity.

Defendant has asserted preliminary objections to the complaint:

"(1) A motion to strike all references in the complaint to 'recklessness' or 'reckless' conduct to the extent that the facts averred do not support such allegations.

"(2) A motion to strike the 'otherwise negligent' and 'negligent per se' references in the complaint.

"(3) A demurrer claiming that plaintiff has not specifically pleaded his damage claims."

For the reasons discussed below, defendant's preliminary objections will be sustained in part.

Defendant seeks to strike all references to "reckless" conduct or "recklessness" in the complaint, asserting that plaintiff has not pleaded sufficient facts to support such a claim. Plaintiff argues in response that the mere fact that defendant detonated fireworks on his premises, in and of itself, demonstrates reckless conduct.

Our Supreme Court has previously determined that "a *public* fireworks' display, handled by a competent operator in a reasonably safe area and properly supervised . . ., is not so dangerous an activity" as to constitute an ultra-hazardous activity giving rise to strict or absolute liability. *Haddon v. Lotito,* 399 Pa. 521, 523, 161 A.2d 160, 162 (1960). (emphasis added) Thereafter, in *Howell v. Clyde,* 533 Pa. 151, 620 A.2d 1107 (1993), wherein plaintiff suffered injuries resulting from the explosion of a fireworks cannon on defendant's property, the Supreme Court applied comparative negligence consider-

ations in determining the proper application of the assumption of the risk defense. It is apparent from the court's opinion that the detonation of fireworks was not viewed as an ultra-hazardous activity and that liability would rest on ordinary negligence considerations.

Finally, our Supreme Court opined that "this Commonwealth recognizes only one standard of care in negligence actions involving dangerous instrumentalities— the standard of reasonable care under the circumstances. It is well established by our case law that the reasonable man must exercise care in proportion to the danger involved in the act. . . . Thus, when a reasonable man is presented with circumstances involving the use of dangerous instrumentalities, he must necessarily exercise a 'higher' degree of care proportionate to the danger." *Stewart v. Motts,* 539 Pa. 596, 605, 654 A.2d 535, 539-40 (1995). (citations omitted)

Thus, it would appear from the authority discussed above that the mere detonation of fireworks does not necessarily constitute reckless conduct, but may be viewed as negligent conduct depending on the circumstances involved. Plaintiff must then plead additional facts to support a claim of reckless conduct. We cannot discern any facts pleaded in this complaint that, if proven, would support a finding of reckless conduct. Thus, any references in the complaint to "reckless" conduct and its derivative must be stricken insofar as the references are conclusions unsupported by well-pleaded facts. However, plaintiff will be granted leave to amend his complaint to allege facts, if they exist, to support an allegation of reckless conduct.

Defendant also moves to strike paragraphs 5(e) and 5(f) of the complaint as violative of the requirement for fact pleading.[1] "Catch-all" pleadings containing general allegations of negligence are viewed as violative of Rule 1019(a).

The specific language in the complaint to which defendant objects reads as follows:

"(5) The aforesaid conduct of defendant, Jeffrey Buckley, in detonating fireworks upon his premises was negligent, careless and reckless conduct as follows:

"(e) negligence per se;

"(f) otherwise negligent, careless and reckless conduct as may be prohibited by state and local laws and ordinances and/or common law."

"Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint." *Miketic v. Baron,* 450 Pa. Super. 91, 104, 675 A.2d 324, 330 (1996). It appears that paragraphs 5(e) and 5(f) do not describe an act or performance which support a claim of negligence, but merely constitute generalized and "boiler-plate" allegations of negligence. As such, paragraphs 5(e) and 5(f) do not comport with this Commonwealth's pleading requirement, and accordingly, will be stricken from the complaint. However, plaintiff will be granted leave to amend the complaint to allege *facts* in support of a claim of negligence per se.[2]

---

1. Pa.R.C.P. 1019(a) provides: "The material facts on which a cause of action . . . is based shall be stated in a concise and summary form."

2. In his brief, plaintiff asserts that the violation of a legislative enactment may constitute "negligence per se." Plaintiff also specifi-

Finally, defendant has demurred to the complaint, claiming it is legally insufficient to the extent that plaintiff has not specifically, pleaded his damage claims as required by the procedural rules. Again, Rule 1019(f) states: "items of special damage shall be specifically stated." However, damages such as past and future pain and suffering, past and future lost earning power, physical and mental shock constitute general damages which may be pleaded generally. See *Magdule v. Feather,* 44 D.&C.2d 192 (Lebanon Cty. 1968); *Eby v. Sun Pipe Line Co.,* 21 D.&C.2d 190 (Lehigh Cty. 1960). We do agree that plaintiff's assertion the he will *probably* sustain such damages is indeed inartful pleading and improper. Thus, any reference to "probable damages" must be stricken. However, we believe that defendant may reasonably discern from the pleadings the past and future damages for which plaintiff seeks recovery. Therefore, plaintiff's complaint will not be stricken based upon insufficient damage claim.

## SUMMARY

Defendant's preliminary objections are granted in part. Defendant's motion to strike all references to "recklessness," "reckless conduct," and/or "recklessly" is granted. Plaintiff will be granted leave to amend the complaint to

---

cally *argues* that defendant violated the Pennsylvania Fireworks Law, 35 Pa.C.S. §1272. However, briefs are not pleadings. Thus, if plaintiff seeks a finding of "negligence per se" based upon a violation of the Pennsylvania Fireworks Law, he must so allege and not simply plead a global violation of some unidentified "state and local law and ordinance."

plead facts in support of a claim for reckless conduct. Paragraphs 5(e) and 5(f) will be stricken. Plaintiff will be granted leave to amend his claim pursuant to a "negligence per se" theory. The demurrer to the complaint will be overruled.

## ORDER

And now, October 18, 1999, it is hereby ordered that:

(1) The defendant's preliminary objection in the nature of a motion to strike all references in the plaintiff's complaint that the defendant acted recklessly is granted.

(2) The defendant's preliminary objection in the nature of a motion to strike paragraphs 5(e) and 5(f) is granted.

(3) The defendant's demurrer to the complaint is overruled.

(4) The plaintiff is granted leave to file an amended complaint.